# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JIMMY DON YARBROUGH,** *Petitioner* | § § § | |
| **v.** | § § | 1:22-CV-01138-DII-SH |
| **WARDEN FNU ROSALEZ,** *Respondent* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Jimmy Don Yarbrough's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed November 3, 2022 (Dkt. 1), and the Government's Response, filed March 9, 2023 (Dkt. 11). The District Court referred the case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 2.

### I.   Background

On September 26, 2016, the United States District Court for the Western District of Texas, Midland Division, entered judgment convicting Petitioner of one count of Conspiracy to Possess with Intent to Distribute 50 Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and sentenced him to a term of 168 months imprisonment, followed by a five-year term of supervised release. *United States v. Yarbrough*, No. 7:16-CR-00048-DC-3, Dkt. 108.

In his Petition, Petitioner argues that the Bureau of Prisons ("BOP") has improperly disallowed him 821 earned programming days under the First Step Act ("FSA"), resulting in Petitioner being wrongfully disallowed 411 days of credit for home confinement. Dkt. 1 at 1, 3. Petitioner asks the Court to order the BOP to apply those credits to his sentence. *Id.* at 1.

## II. Legal Standards

A petitioner may seek habeas relief under 28 U.S.C. § 2241(c)(3) in the district he is incarcerated in if he is "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner bringing a § 2241 petition is limited to attacking how "a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A petitioner must exhaust his administrative remedies through the BOP before filing a § 2241 petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). Because it is the Attorney General, through the BOP, who is responsible for administering a prisoner's sentence, it is the BOP—not the district court—that has the statutory authority to decide "*where* a federal sentence will be served, *when* it begins, and, in certain respects, *how long* it will last." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020) (citation omitted); *see also Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) ("Only the Attorney General, through the BOP, may compute a prisoner's [time] credits.").

## III. Analysis

In its Motion to Dismiss, the Government argues, *inter alia*, that the Court should dismiss the Petition as moot because the BOP has updated Petitioner's time credit calculation and he has not plausibly alleged any other calculation errors.[1] Petitioner did not respond to the Government's motion.

---

[1] Because the Petition is moot, the Court need not address the Government's alternative arguments for dismissal.

Article III of the Constitution limits the jurisdiction of federal courts to "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). A resolved dispute is moot. *See Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Because a "moot case presents no Article III case or controversy," a federal court "has no constitutional jurisdiction to resolve the issues it presents." *Nkenglefac v. Garland*, 34 F.4th 422, 428 (5th Cir. 2022) (quoting *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999)). A moot case must be dismissed for lack of jurisdiction. *See Lewis*, 499 U.S. at 482.

The BOP has recalculated Petitioner's FSA time credits and awarded him the previously disallowed 821 programming days. Massey Decl., Dkt. 11-2 ¶ 8 (stating that, as of February 11, 2023, Petitioner has zero disallowed programming days). Petitioner's request that the Court order the BOP to update his FSA calculation therefore is moot.

Petitioner also asks the Court to order the BOP to apply to his sentence any credits he has earned since he filed his Petition. There is no evidence that the BOP will not properly calculate any time credits Petitioner has earned, and Petitioner must first raise any claim that the BOP miscalculated those credits with the BOP before seeking judicial review. *See Gallegos-Hernandez*, 688 F.3d at 194 (holding that a petitioner must exhaust his administrative remedies through the BOP before filing a § 2241 petition).

Finally, Petitioner asks the Court to sanction the BOP to compensate him and "send a message to the BOP that such blatantly ignoring the law will not be tolerated." Dkt. 1 at 9. To the extent that Petitioner seeks compensation, "damages are not available in federal habeas corpus proceedings." *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973); *Williams v. Texas*, No. A-22-CV-345-RP, 2022 WL 1121426, at *2 (W.D. Tex. Apr. 13, 2022).

## IV. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** the Government's Motion to Dismiss (Dkt. 11) and **DISMISS AS MOOT** Jimmy Don Yarbrough's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1).

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 30, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE